LOUISA A. BELAU *et al.*, Appellants, v. A. M. BRYAN,
Appellee.

Conveyance of Real Estate: FRAUD: AGENCY: RELIEF. The plaintiff, in consideration of certain land scrip agreed with W. to convey certain lands to such person as W. might designate. Thereupon W. negotiated a sale of the land to the defendant, to whom the land was conveyed by the plaintiff. The scrip received from W. having been found to be worthless, the plaintiff brought this action to cancel the deed to the defendant on the ground of fraud. *Held,* that, as W. was not the agent of the defendant, and the latter had no knowledge of the fraud practiced by W., the plaintiff was not entitled to the relief asked.

*Appeal from Plymouth District Court.*—HON. F. R. GAYNOR, Judge.

SATURDAY, OCTOBER 14, 1893.

THIS is a suit in equity, by which it is sought to cancel and set aside a conveyance of certain real estate made by plaintiffs to the defendant, on the ground that the same was procured by fraud and without consideration. There was a decree for the defendant, from which the plaintiffs appeal.—*Affirmed.*

*Argo, McDuffie & Reichmann,* for appellants.

*Ira T. Martin,* for appellee.

ROTHROCK, J.—It appears from the evidence that the plaintiffs made a contract with one Welliver, by which they agreed to exchange the land in controversy for certain land scrip, which on its face purported to be good for the location of six hundred and forty acres of land in the state of Texas. When the agreement was made it was understood that the plaintiffs would

convey their land to such person as Welliver might designate. After the agreement was made, Welliver set himself about finding some one to whom he could sell the land for a money consideration. He had a conference with one Richardson, who was agent for the defendant, which resulted in a sale of the land to the defendant, and in pursuance of that arrangement a deed of the land was made from the plaintiffs directly to the defendant. It is claimed by the plaintiffs that the Texas land scrip was absolutely worthless, and that Welliver practiced a fraud upon them in making the exchange, and that the defendant, by taking the conveyance of the land, adopted the fraud of Welliver, and that he should be regarded as the agent of the defendant.

If it be true that Welliver was the agent of the defendant in making the trade and procuring the land for her, she would be bound by any fraudulent representations he made to the plaintiffs, whether the defendant authorized him to make the representations or not. Counsel for appellants invoke this rule of law, and insist that under the evidence the conveyance of the land to the defendant should be set aside on account of the fraud. The case of *Eadie v. Ashbaugh,* 44 Iowa, 520, and other cases, are cited in support of the claim made. As we read the evidence, the rule of the cited cases has no application to the case at bar, for the reason that neither the defendant nor her agent had any knowledge of the arrangement made between Welliver and the plaintiffs. He was not their agent for any purpose. He made the arrangement for the exchange for himself. And there is no evidence to authorize a finding that there was any failure of consideration, so far as the defendant was concerned, in the transaction. It is unnecessary to set out and discuss the evidence. It fails to show that Welliver was the agent of the defendant, either by express

appointment or by ratification of his acts. The transaction is not really different in effect than it would be if the plaintiffs had conveyed the land to Welliver, and he had conveyed it to the plaintiffs.

The decree of the district court is AFFIRMED.